## Hazard-Jellico Coal Company v. Nancy Roddy and Workmen's Compensation Board.

(Decided May 28, 1926.)

### Appeal from Perry Circuit Court.

Master and Servant—Evidence Held to Show Compensation Claimant and Deceased Employee were Living Together as Husband and Wife.—Evidence held to support finding that before accident resulting in employee's death he and claimant were living together as husband and wife as affecting claimant's right to compensation.

MORGAN, EVERSOLE & BOWLING for appellant.

J. E. WILSON and G. C. WILSON for appellee.

OPINION OF THE COURT BY JUDGE GOODPASTER—Affirming.

On the 10th day of December, 1923, Frank Roddy, an employee of appellant, Hazard-Jellico Coal Company, was killed by an accident arising out of and in the course of his employment. His surviving widow, the appellee, Nancy Roddy, applied to the Workmen's Compensation Board for compensation.

The proof for appellee shows that she was legally married to Frank Roddy and that there has never been an action for divorce instituted by either against the other.

The appellant resisted her claim, alleging that she had voluntarily abandoned her husband and that they had not lived together from the time of abandonment until his death.

The findings of fact by the board are as follows: Frank Roddy met his death in an accident arising out of and in the course of his employment with defendant. Nancy Roddy, the claimant, was his legal wife and lawful dependent at the time of the accident. The decedent's average weekly wage was sufficient to entitle his dependents to the maximum compensation. The board's award is as follows: Nancy Roddy is awarded compensation at the rate of $12.00 per week for 335 weeks, with 6% per annum interest on all past due weekly payments. The defendant will also pay the actual burial expenses not to exceed $75.00.

The Hazard-Jellico Coal Company appealed to the Perry circuit court, where the award of the compensation board was affirmed, and it thereupon appealed from the judgment of the circuit court.

There was a great deal of proof introduced by the appellant for the purpose of showing that Nancy Roddy had abandoned her husband and continued to live separate and apart from him for a period of more than two years next before the accident. The appellee introduced considerable proof to support her allegation that she and Frank Roddy had always considered themselves from the time of their marriage up to the time of the accident husband and wife. While some of the evidence showed that they were separated at times for periods of a few months, it is proved by a number of witnesses that during some of those periods he sent her money and also contributed to the support of her child by a former husband, and that

a short time before the accident he and she had agreed to commence housekeeping about the first of January, 1924. It is proved conclusively that he and she were together a few days before the accident. The proof of the fact that they were living together and expected to go to housekeeping in a short time was abundant, and we hold that it was amply sufficient to support the finding of the board that they were living together as husband and wife at the time of the accident.

Wherefore, the judgment of the circuit court is affirmed.